IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BADR ABDELHAMEED DHIA JAFAR, | § § | No. 239, 2023 |
| | § | |
| Plaintiff Below, Appellant/ Cross-Appellee, | § § | Court Below—Court of Chancery of the State of |
| | § | Delaware |
| v. | § | |
| | § | C.A. No. 2020-0151 |
| ALISA E. MOEN, | § | |
| | § | |
| Former Receiver, Appellee/ Cross-Appellant. | § § | |

Submitted: January 12, 2024
Decided: February 27, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

(1)     The appellant/cross-appellee, Badr Abdelhameed Dhia Jafar, filed an action in the Court of Chancery seeking inspection of the books and records of Vatican Challenge 2017, LLC (the "Company") under 6 *Del. C.* § 18-305.  The court entered a default judgment against the Company, and Jafar sought appointment of the appellee/cross-appellant, Alisa E. Moen, Esquire, as receiver to enforce the Company's compliance with the judgment.  The Court of Chancery entered Jafar's proposed order appointing Moen as receiver.  The order provided that the Company would pay Moen's fees and expenses.  The Company did not pay, despite a subsequent order requiring it to do so.  Moen then asked the court to require Jafar to

pay (i) her fees and expenses for work performed in furtherance of the receivership ("receivership costs") and (ii) amounts that she incurred in pursuing payment of the receivership costs ("fees on fees").[1]

(2)     On February 8, 2022, the Court of Chancery granted Moen's request, in part.[2]  The court determined that Jafar was required to pay the receivership costs incurred through September 2, 2021, when the court had entered an order requiring Moen to provide to Jafar the documents that she had obtained in her role as receiver and to file her preliminary report and relieving Moen of her duties once she did so. The court determined that Jafar would not be required to pay receivership costs incurred after September 2, 2021, or fees on fees.  On March 4, 2022, the Court of Chancery denied cross-motions for reargument, except that the court clarified that Jafar was required to pay any fees and costs that Moen incurred in attempting to collect payment from the Company.[3]  On April 26, 2022, the Court of Chancery entered an implementing order requiring Jafar to pay Moen $98,841.60 plus interest and requiring the Company to pay Moen $41,942.96 plus interest.[4]  On June 8, 2023,

---

[1] Moen initially filed on her own behalf but later retained counsel to represent her in her effort to obtain payment.
[2] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 365142 (Del. Ch. Feb. 8, 2022).
[3] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 630371 (Del. Ch. Mar. 4, 2022).
[4] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 1243500 (Del. Ch. Apr. 26, 2022).  This order is dated April 25, 2022, and was entered on the Court of Chancery docket on April 26, 2022.

the Court of Chancery entered the April 26, 2022 implementing order as a partial final judgment under Court of Chancery Rule 54(b).[5]

(3)     Jafar has appealed to this Court, arguing that the Court of Chancery erred by requiring him to pay any amount to Moen.  Moen cross-appealed, arguing that the Court of Chancery erred by not requiring Jafar to pay her fees on fees and by requiring her to perform certain duties at no charge.  Moen also asks this Court to award her fees and costs incurred on appeal.

(4)     After consideration of the parties' briefs and the record on appeal, we affirm the judgment of the Court of Chancery on the basis of the court's decisions dated February 8, 2022, March 4, 2022, April 25, 2022, and June 8, 2023.  The Court of Chancery appointed Moen as receiver at Jafar's request.  The appointing order, which Jafar proposed and the court granted, provided that the Company was responsible for the receiver's fees and expenses but did not explicitly address what would happen if the Company did not pay.  Moen did not request a bond or otherwise raise the issue of ensuring payment before beginning work or upon initially recognizing that she was unlikely to collect from the Company.  And Jafar did not withdraw his request for books and records or seek to limit the scope of the work that he requested, despite his later contention that the cost of the work was not justified by the size of his investment in the Company.  In these difficult and unusual

---

[5] *Jafar v. Vatican Challenge 2017*, 2023 WL 3884165 (Del. Ch. June 8, 2023).

circumstances, the Court of Chancery did not abuse its discretion by crafting an equitable resolution that allocated to Jafar the burden of collecting the cost of the receivership from the Company but declined to shift "fees on fees" to Jafar.

(5)     For similar reasons, we deny Moen's motion for fees and costs on appeal. Although the Court has authority to award attorneys' fees in appropriate cases, we do not conclude that Jafar has engaged in misconduct on appeal that justifies fee shifting.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED. The appellee's motion for an award of attorneys' fees and costs incurred on appeal is DENIED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[6] *Cf. Franklin v. Glenhill Advisors LLC*, 2023 WL 5839607, at *1 (Del. Sept. 8, 2023) (concluding that appellant's conduct was not so "'outrageous and abusive'" and appeal was not "brought in such 'bad faith or with the intention to harass the defendants' as to justify fee shifting" on appeal).